UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERRY W. WEEKS

    Petitioner,

v.                                         Case No. 3:14cv27/MCR/CJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 14). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition is an unauthorized "second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A); that petitioner failed to obtain the requisite authorization before filing this petition; and that this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Union Correctional Institution in Raiford, Florida. Petitioner is challenging his 1988

judgment of conviction for two counts of first degree murder and one count of attempted first degree murder entered in Santa Rosa County Circuit Court Case Number 83-CF-534. (Doc. 14). Petitioner raises three claims: (1) Deputy Billy Wayne Rogers violated petitioner's constitutional rights during the investigation and prosecution of petitioner's criminal case, (2) Mr. Leonard McCurdy did not identify petitioner as the perpetrator when shown a photograph of petitioner and (3) an eyewitness (Mr. Phillip Enfinger) recanted his trial testimony. (*Id.*, pp. 5-9). As relief, petitioner seeks the following: "Vacate the previous conviction of the 2-life terms sentences and with 25 years mandatory sentences, with a 10 years sentence to run concurrent, because of truth of innocence." (*Id.*, p. 14). Petitioner asserts that he exhausted his claims by filing a motion for postconviction relief and a habeas corpus petition in state court. (*Id.*). Petitioner denies on the petition form that he previously filed any petition, application, or motion in federal court challenging his judgment of conviction. (*Id.*, p. 12).

The court takes judicial notice of its own records in *Weeks v. Singletary*, Case Number 3:97cv156/RV/MD. Petitioner initiated *Weeks v. Singletary*, on April 16, 1997, by filing a § 2254 petition challenging the same judgment of conviction at issue here. (*See* Case Number 3:97cv156/RV/MD, Docs. 1, 6). This court denied the petition on the merits on April 27, 2000. (*Id.*, Docs. 42, 50, 51). On November 28, 2000, the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") denied petitioner's motion for a certificate of appealability. (*Id.*, Doc.77).

## DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (2011) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain an order authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

By order dated February 20, 2014, the undersigned directed petitioner to show cause why this case should not be dismissed as an unauthorized second or successive habeas corpus application. (Doc. 15). Petitioner responds that this habeas corpus action is not a collateral attack on his conviction, but is instead an appeal of a state court order entered in a civil lawsuit petitioner filed in Santa Rosa County Circuit Court (Case No. 13-CA-970) against the Santa Rosa County Sheriff's Office seeking $20 million for the loss of his "freedom & rights" arising from Deputy Rogers' misconduct during petitioner's arrest and prosecution on the murder charges. (Doc. 16, pp. 1-6). Petitioner states he is appealing an order issued by Santa Rosa County Circuit Judge Marci Goodman denying petitioner's motion to recuse. Petitioner asserts that after his state civil lawsuit was served on the Santa Rosa County Sheriff's Office, it was "transferred" to this court and became the instant habeas corpus proceeding. (*Id.*, pp. 6-7). Petitioner also asserts that the Eleventh Circuit

"authorized" him to file this "appeal," and attaches a copy of a letter from the Eleventh Circuit dated November 25, 2013. (*Id*., Attach. at 7). The Eleventh Circuit's letter responds to a "Notice of Appeal" petitioner filed in that court. The Eleventh Circuit advised petitioner:

> This court has limited jurisdiction. In general, only cases which have been first filed, and finally decided, in a **FEDERAL** United States district court within this circuit (Alabama, Georgia and Florida) may be appealed to this court. If the district court has issued final judgment in your case, you may file a notice of appeal in that court. See Fed. R. App. P. 4, 24; 28 U.S.C. Sect. 1291, 1291.

(Doc. 16, Attach. at 7).

This case is properly construed as a habeas corpus proceeding. Petitioner did not initiate this case by filing a "Notice of Appeal," he initiated the case by filing a pleading titled "Emergency Petition for a Writ of Habeas Corpus" in the United States District Court for the Middle District of Florida. (Doc. 1). The "Emergency Petition for a Writ of Habeas Corpus" challenged petitioner's 1988 judgment of conviction on the grounds that petitioner was innocent and should have been acquitted because: (1) eyewitness Mr. Enfinger recanted his earlier trial testimony and testified that he could not identify petitioner as the perpetrator of the crimes, and (2) Deputy Rogers testified falsely. (*Id*., pp. 5-7). The Middle District transferred the petition to this court, pursuant to 28 U.S.C. § 2241(d), because this is the judicial district within which the state court was held which convicted and sentenced petitioner. (Doc. 4 (*citing* 28 U.S.C. § 2241(d)). Petitioner's amended petition, described above, challenges petitioner's 1988 judgment of conviction on the grounds that petitioner is in custody in violation of his constitutional rights, and requests that the 1988 judgment be vacated.

Petitioner styled both his original and amended pleadings in federal court as a petition for writ of habeas corpus. (Docs. 1, 14). Petitioner's asserted jurisdictional basis is 28 U.S.C. § 2254(a). (Docs. 14, 16). Petitioner's pleadings attack petitioner's 1988 judgment of conviction and seek to vacate that judgment. (Docs. 1, 14). The instant petition is "a second or successive" habeas corpus application. Because petitioner did not first obtain the Eleventh Circuit's permission to file a second or successive habeas corpus petition, this court lacks subject-matter jurisdiction to consider the petition.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That petitioner's amended petition for writ of habeas corpus (doc. 14) be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive habeas corpus petition.

2.  That the clerk be directed to close the file and to send petitioner the Eleventh Circuit's form application for leave to file a second or successive habeas corpus petition.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 4th day of March, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).